IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FRANKIE JOHN CAIN, and,
VELICITY PITTS**

      **Plaintiffs,**

      v.                                                                    Civil Action No. 3:23cv255

**MARCELIA YVONNE BANKS
LITTLE,** *et al.,*

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiffs Frankie John Cain and Velicity Pitt's ("Plaintiffs") Amended Complaint. (ECF No. 5.)

The Plaintiffs' Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief, and the Court's May 4, 2023 Order directives regarding the Amended Complaint. (ECF No. 3.)

The Court ordered that Plaintiffs file an Amended Complaint, with a fully executed Ghostwriting Form signed by each Plaintiff attached, "which outlines in simple and straightforward terms why Plaintiffs think that they are entitled to relief and why the Court has jurisdiction over the case." (ECF No. 3, at 1.) The Court ordered that the Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Plaintiffs must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:23cv255."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended

2. complaint, Plaintiff must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiffs must clearly identify each federal or state law allegedly violated. Under each section, Plaintiffs must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to each Plaintiff. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Plaintiffs shall also include the relief they request – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Plaintiffs may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:8cv35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 3, at 1–2.)

The Court finds that Plaintiffs' Amended Complaint does not comply with the clear instructions set forth in the Court's May 4, 2023 Order. (ECF No. 3.) Specifically, the Amended Complaint (i) does not "set forth [the statement of facts] . . . in separately numbered paragraphs;" and, (ii) does not "in separately captioned sections . . . identify each federal or state law allegedly violated . . . and explain why [they] believe each defendant is liable to each Plaintiff." (ECF No. 3, at 1–2.) In addition, Plaintiffs did not file fully executed Ghostwriting Forms.

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Further, when a plaintiff is granted authorization to proceed *in forma pauperis*, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court has reviewed Plaintiffs' Amended Complaint pursuant to this statutory screening obligation and finds that the Amended Complaint, in its current form, fails to state a plausible claim for relief against Defendants.

Accordingly, Plaintiffs' Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 5.)

An appropriate Order shall accompany this Memorandum Opinion.

Date: 5-18-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge